UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHU THANH TRAN, on behalf of
himself and those similarly
situated,

    Plaintiff,

vs.                            CASE NO.:   6:14-CV-00572-ORL-18-DAB

NEW GENERATION FUSION
RESTAURANT GROUP, LLC, d/b/a
KOYWAN BUFFET, a Florida For
Profit Limited Liability Company,
and TZU Y. CHEUNG, Individually,
and BEN MING YU, Individually

    Defendants._____/

**PLAINTIFF'S FIRST AMENDED
COMPLAINT & DEMAND FOR JURY TRIAL**
(Collective Action Complaint)
(Naming Proper Defendants)

Plaintiff, PHU THANH TRAN, on behalf of himself and those similarly situated ("Plaintiff"), was an employee of Defendants, NEW GENERATIONS FUSION RESTAURANT GROUP, LLC, TZU Y. CHEUNG, and BEN MING YU (collectively "Defendants"), and brings this action for unpaid minimum wage compensation, unpaid overtime, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

I.    **NATURE OF SUIT**

The FLSA was passed by Congress in 1938.  The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard

wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendants minimum wage compensation, unpaid overtime, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every employee who was subject to the Defendants' tip credit pay scheme within the past three (3) years.

II. **PARTIES**

3. Plaintiff is an hourly paid service worker ("server") and performed related activities for Defendant in Seminole County, Florida.

4. Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, is a restaurant owned and operating in Altamonte Springs, Florida therefore, venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

5.  Defendant, ZHU T. CHEUNG, is/was an acting manager and President of Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, who, upon information and belief, resides in Oakland Gardens, NY; venue is proper in Orange County.

6.  Defendant, BEN MING YU, is/was an acting manager and one of two listed officers of Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, who, upon information and belief, resides in Orlando, Florida; therefore venue is proper in Orange County.

### III.   JURISDICTION

7.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

8.  The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

### IV.   COVERAGE

9.  At all material times during the last three years (2010-2014), Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10.  At all material times during the last three years (2010-2014), Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, was an employer as defined by 29 U.S.C. § 203(d).

11. At all material times during the last three years (2010-2014), Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

12. At all material times relevant to this action (2010-2014), the Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, has had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

13. At all material times relevant to this action (2010-2014), Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation products from out of state vendors.

14. At all material times relevant to this action (2010-2014), Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, has had two or more employees who used the telephone and/or computers to place and accept business calls with out of state vendors on a daily basis in the normal course of its business.

15. Additionally, Plaintiff was an employee of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, and was, at all times

relevant to this action (2010-2014), individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as he was required to communicate with out of state customers and accept payment from customers using credit cards issued by out of state financial institutions on a daily basis.

16. At all times relevant to this action, YAN CHUN ZHU regularly exercised the authority to hire and fire employees of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET.

17. At all times relevant to this action, YAN CHUN ZHU determine the work schedules for the employees of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET.

18. At all times relevant to this action, YAN CHUN ZHU control the finances and operations of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET.

19. By virtue of having regularly exercised that authority on behalf of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, YAN CHUN ZHU is an employer as defined by 29 U.S.C. §201, et seq.

20. At all times relevant to this action, BEN MING YU, regularly exercised the authority to hire and fire employees of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET.

21. At all times relevant to this action, BEN MING YU, determine the work schedules for the employees of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET.

22.     At all times relevant to this action, BEN MING YU, controled the finances and operations of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET.

23.     By virtue of having regularly exercised that authority on behalf of NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, BEN MING YU is an employer as defined by 29 U.S.C. §201, et seq.

24.     Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated, are in the possession, custody and control of Defendants.

## V.     FACTUAL ALLEGATIONS

25.     Defendants operate a Hibachi buffet-style restaurant with a full service bar which is located in Altamonte Springs, Florida.

26.     Defendants employ several servers, host(esses), bussers, runners, and bartenders.

27.     Plaintiff Tran worked for the Defendants as a server from approximately November of 2012 through December of 2013.

28.     Defendants did not pay Tran any direct wage.

29.     Tran only earned tips while working for Defendants.

30.     Defendants do not pay its servers any direct wages.

31.     Defendants do not pay its bartenders any direct wages.

32.     Defendants do not pay its hostesses any direct wages.

33.     Defendants do not pay its bussers any direct wages.

34. Defendants' entire wait staff only received tips as their only source of compensation.

35. Defendants require its servers to perform non-service related duties such as food preparation and cleaning tasks without any form of compensation for these non-tipped activities.

36. Defendants have employed and are currently employing other individuals such as Plaintiff who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant services for Defendants.

38. Plaintiff and the class members received no direct wage from Defendants whatsoever.

39. Plaintiff and the class members customarily receive tips in lieu of their hourly wage.

40. Defendants did not require Plaintiff, or those similarly situated, to clock in prior to or at the end of their shift.

41. To the contrary the Defendants did not even provide the Plaintiff and those similarly situated with any mechanism for keeping track of their working hours.

42. Defendants violated 29 C.F.R. §516 as a result of their failure to properly record the working time of Plaintiff and those similarly situated.

43. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form of any direct wage whatsoever and they were required to perform non-tipped work without receiving any compensation in direct violation of 29 U.S.C. §203(m).

44. Defendants' common policy violations have caused Plaintiff and the class members to receive less than minimum wage for all hours worked.

45. Defendants' common policy violations have caused Plaintiff and the class members to receive less that the statutorily mandated time and one half pay for hours worked in excess of forty (40) per workweek.

46. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

47. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All service employees subject to Defendants' tips-only pay provisions, who worked at Defendants' restaurant within the last three years**

48. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at a rate of at least the statutorily prescribed minimum wage.

49. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

50. During the relevant period, Defendants violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the statutorily prescribed minimum wage or without time and one half their straight time rate of pay for hours worked in excess of forty (40) within a work week during one or more weeks.

51. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF MINIMUM WAGES

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-51 above as though fully stated herein.

53. Plaintiff and those similarly situated employees are/were entitled to be paid minimum wage for each hour worked during their employment with Defendants.

54. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for the same as a result of the facts asserted in ¶¶25-51.

55. As a result of Defendants' actions in this regard, Plaintiff has not been paid the

minimum wage for each hour worked during one or more weeks of employment with Defendants, because he received no direct wage from the Defendants whatsoever.

56. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

57. In addition, Defendants failed to post the required posting regarding minimum wage requirements.

58. Also, Defendants failed to maintain the required records regarding Plaintiff's time and pay as required by law.

59. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

60. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, PHU THANH TRAN, on behalf of himself and those similarly situated employees, demands judgment against Defendants, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, YAN CHUN ZHU, and BEN MING YU, for the payment of all hours worked at a rate of not less than the statutorily prescribed minimum wage for the hours worked by them for which Defendants did not properly compensate them, liquidated damages or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs

incurred in this action, declaratory relief, and any other relief this Court determines to be just and appropriate.

## COUNT II- RECOVERY OF UNPAID OVERTIME

61. Plaintiff, on behalf of himself and those similarly situated, reincorporates and readopts all allegations contained within Paragraphs 1 - 51 above as though fully stated herein.

62. Plaintiff and those similarly situated employees are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

63. During their employment with Defendants, Plaintiff and those similarly situated regularly worked overtime hours but were not paid time and one-half compensation for the same.

64. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and those similarly situated time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and those similarly situated employees have suffered damages.

65. Defendants did not maintain and keep accurate time records regarding the overtime hours as required by the FLSA for Plaintiff and other similarly situated employees.

66. Also, Defendants failed to post required FLSA informational listings as required by law.

67. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by himself and those similarly situated employees for which Defendant did not properly compensate them, liquidated damages or if liquidated damages are not awarded then pre and post judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- DECLARATORY RELIEF

68. Plaintiff, on behalf of himself and those similarly situated, reincorporates and readopts all allegations contained in paragraphs 1-51 above as though fully stated herein.

69. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

70. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

71. Plaintiff may obtain declaratory relief.

72. Defendants employed Plaintiff.

73. Defendant, NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, is an enterprise.

74. Plaintiff was individually covered by the FLSA.

75. Defendants failed to pay Plaintiff for all hours worked.

76. Plaintiff is entitled to be paid at least minimum wage for hours worked up to forty (40) within a work week.

77. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

78. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

79. Defendants did not rely upon a good faith defense.

80. Plaintiff is entitled to an equal amount of liquidated damages.

81. It is in the public interest to have these declarations of rights recorded.

82. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

83. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

84. Plaintiff demands trial by jury.

WHEREFORE Plaintiff, PHU TRANH TRAN, on behalf of himself and those similarly situated, demands a declaration of rights fining that an employer/employee relationship existed, Plaintiff worked hours up to forty (40) within a week without receiving at least minimum wages, Plaintiff worked hours over forty (40) in a workweek without receiving correct overtime pursuant to the

FLSA, Defendants failed to keep accurate time records, Defendants had a legal duty to pay Plaintiff, and those similarly situated, minimum wages and overtime pursuant to the FLSA, Defendants failed to prove a good faith defense, Plaintiff and those similarly situated are entitled to liquidated damages or pre and post judgment interest and reasonable attorneys' fees and costs pursuant to the FLSA.

Dated this 7th day of May, 2014.

/s/ CARLOS LEACH
Carlos Leach, Esquire
FLBN: 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., Ste. 1400
P.O. Box 4979
Orlando, FL 32802-4979
Telephone - (407)420-1414
Facsimile: (407) 420-5956
Email: CLeach@forthepeople.com
Counsel for Plaintiff