UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHU THANH TRAN, on behalf of himself and those similarly situated,

    Plaintiff,

v.

NEW GENERATION FUSION RESTAURANT GROUP, LLC, MING YU BEN, and TZU Y. CHEUNG,

    Defendants.

Case No: 6:14-cv-572-Orl-40DAB

**ORDER**

This cause comes before the Court without oral argument on Plaintiff's Motion for Reconsideration and Incorporated Memorandum of Law (Doc. 45), filed February 13, 2015. Plaintiff asks the Court to reconsider its January 14, 2015 Order (Doc. 44) directing the parties to submit their agreement for the settlement of this Fair Labor Standards Act case as required by *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Department of Labor*. Defendants have not responded to Plaintiff's motion and Plaintiff represents that Defendants do not take any position regarding the relief sought. Upon consideration, the Court denies Plaintiff's motion, strikes the parties' joint stipulation of dismissal, and directs compliance with the settlement approval requirements governing lawsuits brought under the Fair Labor Standards Act.

I.    **BACKGROUND**

Plaintiff worked as a server for a Hibachi buffet-style restaurant operated by Defendants in Altamonte Springs, Florida. (Doc. 10, ¶¶ 25, 27). On April 10, 2014, Plaintiff initiated this putative class action lawsuit against Defendants for the recovery of

1

back wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1). On June 26, 2014, Defendants answered Plaintiff's Amended Complaint. (Doc. 21). The parties subsequently filed a Joint Stipulation for Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 43). In their joint stipulation for dismissal, the parties failed to indicate whether they had settled their dispute; as a result, on January 14, 2015, the Court ordered the parties to advise as to whether there was a settlement and, if so, to submit the appropriate paperwork for the Court's review. (Doc. 44). Plaintiff now moves the Court to reconsider its January 14, 2015 Order, stating that the Court no longer has jurisdiction over this matter due to the parties' stipulation of dismissal. (Doc. 45).

## II. STANDARD OF REVIEW

The Court may reconsider a non-final order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970).[1] "The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice." *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-cv-1195-J-12MCR, 2013 WL 5289095, at *1 (M.D. Fla. Sept. 19, 2013) (quoting *Horowitch v. Diamond Aircraft Indus., Inc.*, No. 6:06-cv-1703-Orl-19KRS, 2009 WL 1537896, at *3 (M.D. Fla. June 2, 2009)) (internal quotation marks omitted). It is the movant's burden to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Horowitch*, 2009 WL 1537896, at *3. A movant will

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

generally meet this burden where he shows "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." *Voter Verified, Inc. v. Election Sys. & Software, Inc.*, No. 6:09-cv-1969-ORL-19KRS, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011). Ultimately, reconsideration is an extraordinary remedy that should be granted sparingly. *Id.*

### III.  DISCUSSION

Plaintiff contends that the Court's January 14, 2015 Order requiring the parties to submit their settlement agreement for review constitutes clear error or manifest injustice.[2] (Doc. 45, p. 7). Plaintiff argues that a stipulation of dismissal filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is self-executing and divests a district court of subject matter jurisdiction immediately upon filing. (*Id.* at pp. 8–15). Plaintiff further asserts that a party's right to dismiss under Rule 41 is not limited in any way by the FLSA. (*Id.* at pp. 2–6). As a result, Plaintiff concludes that the Court lacks the authority to compel the parties to submit their settlement agreement for scrutiny. (*Id.* at p. 15).

#### A.  The Rule Requiring Review of FLSA Settlements

The Eleventh Circuit first described the requirement that district courts review FLSA settlements for fairness in *Lynn's Food Stores v. United States ex rel. U.S. Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). As a preliminary matter, the Eleventh Circuit observed that "Congress made the FLSA's provisions mandatory." *Id.* at 1352. Consequently, "FLSA rights cannot be abridged by contract or otherwise waived

---

2. Plaintiff also urges the Court to reconsider its Order due to an intervening change in controlling law. (Doc. 45, p. 7). However, the case to which Plaintiff cites was decided in 2012, well before this action had commenced. Therefore, there is no intervening change in controlling law for the Court to consider.

3

because this would 'nullify the purposes' of the statute." *Id.* (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)) (internal quotation marks omitted). In terms of settling an FLSA claim, the Eleventh Circuit announced:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352–53 (footnotes and citations omitted). Lest any confusion on the issue remained, the Eleventh Circuit firmly concluded as follows:

> Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions.

*Id.* at 1355. The Eleventh Circuit has since confirmed its holding in *Lynn's Food Stores* that district courts must review FLSA settlements for fairness. In *Silva v. Miller*, the Eleventh Circuit repeated:

> Only two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor; the other is pursuant to a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the

4

> FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

307 F. App'x 349, 351 (11th Cir. 2009) (per curiam) (citations and internal quotation marks omitted); *see also Rakip v. Paradise Awnings Corp.*, 514 F. App'x 917, 919–20 (11th Cir. 2013) (per curiam) (re-iterating that *Lynn's Food Stores* requires district courts to "take an active role in approving" FLSA settlement agreements).

The Eleventh Circuit could not have been more clear that "[t]here are only two ways" by which to settle or compromise an FLSA claim. *Lynn's Food Stores*, 679 F.2d at 1352. Nevertheless, Plaintiff takes issue with the language that "the district court *may* enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (emphasis added). Plaintiff interprets the emphasized "may" as allowing, but not requiring, court review of FLSA settlement agreements. (Doc. 45, p. 4).

However, Plaintiff misconstrues the operative language. It is not "may" as opposed to "shall," but rather "may" as opposed to "may not." The only logical reading of the disputed language is that the district court is permitted to enter a stipulated judgment where, after review, it deems a settlement fair; conversely, the district court is permitted to not enter a stipulated judgment where, after review, the district court deems a settlement unfair. In either case, the district court must review the parties' settlement for fairness.

Had the Eleventh Circuit employed the term "shall" in place of "may"—as Plaintiff suggests would have been the case had the Eleventh Circuit intended review of FLSA settlements to be mandatory—the disputed provision would then read to require the district court, after reviewing the settlement agreement, to enter a stipulated judgment regardless of whether the district court ultimately determined the settlement to be fair.

5

Stated differently, using a mandatory word like "shall" would require the entry of a stipulated judgment upon the act of scrutinizing a settlement agreement, not upon the act of determining it to be fair. There can be no doubt that the Eleventh Circuit would never intend such an exercise in futility.

It is true that not every end to an FLSA lawsuit requires judicial scrutiny. The FLSA only contemplates reviewing settlement agreements that result in the "compromise" of an employee's claim. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 & n.6 (M.D. Fla. 2009). Without delving into every circumstance which may result in a compromise,[3] no party to this case represents that the settlement at issue is *not* a compromise of Plaintiff's FLSA claims. Accordingly, the Court need not address further whether review of the parties' settlement is not required on this basis.

To summarize, the FLSA prohibits employers and employees from negotiating or bargaining away the rights provided by the statute. As a result, the Eleventh Circuit has interpreted the FLSA to allow only two possible means for settling a case. First, payment to the employee may be supervised by the Secretary of Labor. Second, where an employee brings a direct action against his employer, the district court must review the parties' settlement for fairness and enter a stipulated judgment upon approval. Had the Eleventh Circuit found any other "route for compromise of FLSA claims," the appellate court certainly had the ability to say as much. *Lynn's Food Stores*, 679 F.2d at 1353 (footnote omitted).

---

3. For a comprehensive discussion of what amounts to the compromise of an employee's FLSA claim, see *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240–44 (M.D. Fla. 2010).

### B. Application in the Context of a Stipulation to Dismiss Filed Pursuant to Rule 41

Federal Rule of Civil Procedure 41 allows a plaintiff to voluntarily dismiss his lawsuit without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The right to dismiss a case by stipulation is not absolute, but is "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and *any applicable federal statute*." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). In cases where none of these exceptions apply, a stipulation of dismissal is effective upon filing (unless the stipulation specifies otherwise) and immediately divests the district court of subject matter jurisdiction. *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012).

As explained above, the Eleventh Circuit has firmly and consistently held that the FLSA provides only two means by which to settle an FLSA dispute and that "FLSA rights cannot be . . . otherwise waived." *Lynn's Food Stores*, 679 F.2d at 1352–53 (internal quotation marks omitted). The Court takes the view that stipulating to the dismissal of an FLSA claim without the district court's review of the underlying settlement is not one of the means enumerated by the Eleventh Circuit and constitutes an impermissible waiver of rights under the FLSA, thus derogating Congress' intent in enacting the statute. Accordingly, the FLSA is "an applicable federal statute" to which the right of dismissal under Rule 41(a)(1) is subject.

Plaintiff nevertheless urges the Court to follow those judges in this district who have determined—whether explicitly or implicitly—that a stipulation of dismissal under Rule 41(a)(1) is not subject to the FLSA's settlement review requirement. (Doc. 45, pp. 2–4, 15–16 n.5). Plaintiff is likely well aware that this Court is not bound by the decisions of other district courts, but rather to the decisions issued by the Eleventh Circuit and the

7

United States Supreme Court. Further, the Court finds more persuasive Judge Merryday's published opinion in *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1231 (M.D. Fla. 2010), which recognizes that, "[a]lthough a private settlement and stipulation for dismissal ends the typical case without judicial intervention, the Eleventh Circuit requires the district court to review the settlement of an FLSA claim." With the utmost respect to those judges in this district who have held otherwise, the undersigned reads Rule 41(a)(1) and *Lynn's Food Stores* to clearly condition dismissal of an FLSA action upon the district court's review of the parties' settlement for fairness and subsequent approval.[4]

### C. Application to this Case

In the instant case, although the parties have not notified the Court that they have settled this action, the Court is able to divine from Plaintiff's motion for reconsideration that a settlement has indeed been reached. Because the parties have failed to submit their settlement agreement for review and the Joint Stipulation for Dismissal with Prejudice does not provide enough information for the Court to determine that the settlement was fair, the parties have not complied with the FLSA's requirements. The

---

4. Some commentators have noted with concern the predilection of district courts to not review FLSA settlements for fairness where the parties agree to forgo review, especially in light of increasingly congested dockets. *See, e.g.*, Elizabeth Wilkins, *Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act*, 34 Berkeley J. Emp. & Lab. L. 109, 145–46 (2013) (commenting on this problem in the context of confidential settlement agreements). To that end, it is worth noting that Florida's Middle District has become an epicenter of FLSA litigation over the past decade. *See Bonetti*, 715 F. Supp. 2d at 1225 (calculating that FLSA cases comprised approximately 20% of the Middle District's civil cases pending in 2009). Moreover, although FLSA disputes now account for just over 5% of the Middle District's pending caseload, the district's overall civil caseload has increased by more than 10% since 2010. The Court therefore shares this concern, particularly because the district courts are best positioned to prevent the type of abuse that may result from the "often great inequalities in bargaining power between employers and employees." *Lynn's Food Stores*, 679 F.2d at 1352.

Court therefore concludes that its January 14, 2015 Order directing the parties to submit their settlement agreement for review constitutes neither clear error nor manifest injustice.

IV. **CONCLUSION**

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration and Incorporated Memorandum of Law (Doc. 45) is **DENIED**.

2. The parties' Joint Stipulation for Dismissal with Prejudice (Doc. 43) is **STRICKEN**.

3. The parties are **DIRECTED** to file a joint motion for approval of settlement agreement **on or before March 26, 2015**. The parties' failure to submit their settlement agreement for review within the time provided will result in the Court placing this case back on a trial docket.

**DONE AND ORDERED** in Orlando, Florida on March 12, 2015.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record