## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement ("Agreement") sets forth the complete understanding reached between Phu Thanh Tran (hereinafter referred to as "Plaintiff" a term which includes Phu Thanh Tran's successors, beneficiaries, personal representatives, and heirs), and NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET, a Florida For Profit Limited Liability Company, and TZU Y. CHEUNG, Individually, and BEN MING YU, Individually (hereinafter referred to as "Defendants" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

- Whereas, Plaintiff was previously employed by Defendants;

- Whereas, Plaintiff filed a lawsuit against Defendants in the United States District Court, Middle District of Florida, Orlando Division, Case No.: 6:14-cv-00572-GKS-DAB (the "Case");

- Whereas, Plaintiff claims in the Case that he is owed minimum and overtime wages, liquidated damages, attorney's fees, costs, and other penalties and damages under the federal Fair Labor Standards Act ("FLSA"), as well as injunctive relief;

- Whereas, Defendants dispute and deny Plaintiff's allegations and claims in the Case including, without limitation, the claimed minimum and overtime wages, liquidated damages, attorney's fees, costs and other penalties and damages claimed under the FLSA;

- Whereas, the parties acknowledge and agree there is a bona fide dispute between them with respect to fault, liability and damages; and

- Whereas, without Defendants admitting any fault, liability or damages, the parties desire to amicably resolve all matters related to the Case and Plaintiff's employment and termination of employment.

Now, therefore, in consideration of the mutual promises and obligations contained in this Agreement, Plaintiff and Defendants agree as follows:

1.    Provided this Agreement has been fully executed by Plaintiff and, in addition, the parties through their legal counsel have obtained Court approval of this settlement and have executed and filed a Stipulation and Order of Dismissal with Prejudice, and the Court has approved and entered such Order of Dismissal, Defendants shall pay the gross settlement amount

# EXHIBIT "A"

of Seventeen Thousand Five Hundred Dollars ($17,500.00) (the "Settlement Payment") as follows:[1]

**On or before 12/29/2014**:

A. a check made payable to Phu Thanh Tran in the amount of $5,250.00, payable with a tax form 1099 representing liquidated damages; and

B. a check made payable to the Morgan & Morgan, P.A. for $3,500.00.

**On or before 1/29/2015**:

A. a check made payable to Phu Thanh Tran in the amount of $5,250.00, minus applicable taxes and withholdings representing actual damages; and

B. a check made payable to the Morgan & Morgan, P.A. for $3,500.00.

2. In exchange for the Settlement Payment, the mutual promises and obligations contained in this Agreement and other good and valuable consideration, the adequacy of which Plaintiff hereby acknowledges, Plaintiff:

a. Shall, through his counsel, execute the Stipulation and Order for Dismissal with Prejudice;

b. Shall not apply for or seek employment or any other business relationship with Defendants;

c. Shall request dismissal with prejudice of any other lawsuits, governmental administrative complaints, or other legal actions (except unemployment claims) relating to Plaintiff's FLSA claims, if any, filed by Plaintiff against Defendants and/or its parent, subsidiary or affiliated entities, and their respective officers, employees, directors, and all other agents;

d. *Hereby covenants not to sue and fully releases and discharges Defendants and their past and present parents, subsidiaries and affiliated entities, and each of their respective officers, employees, directors, shareholders, investors, representatives, affiliates, subsidiaries, insurers, re-insurers, attorneys and agents (collectively, "Releasees"), jointly and severally, from the FLSA claims that are subject of the Case, including all attorneys' fees and costs, that exist as of the execution of this Agreement;* and

---

[1] Plaintiff and Defendants acknowledge that these sums have been previously paid to Plaintiff and his counsel and, accordingly, no additional settlement sums are due to Plaintiff or his counsel pursuant to this Agreement.

    e. Acknowledges and agrees that nothing in this Agreement shall be construed to constitute a waiver or release of: (i) any claim Plaintiff or Defendants cannot waive as a matter of law; and (ii) any claim to enforce this Agreement.

  3. It is understood and agreed by the parties hereto that the consideration provided for in this Agreement constitutes the sole consideration for, and settlement in full accord and satisfaction of, Plaintiff's FLSA claims that are subject of the Case. ***Plaintiff specifically acknowledges and agrees that the payment described in Section 1 of this Agreement fully compensates him for all alleged unpaid wages, penalties, damages, attorney's fees, costs and any other amounts to which he has or may have claimed he is entitled under the FLSA.*** Plaintiff acknowledges that he may later discover material facts in addition to, or different from, those which Plaintiff now knows or believes to be true with respect to the negotiation, execution or performance of this Agreement. Plaintiff further acknowledges that there may be events, circumstances, or occurrences materially different from those which Plaintiff knows or believes likely to occur. It is Plaintiff's intention and desire to fully, finally and forever settle, release the FLSA claims that are subject of the Case. The terms, covenants and releases contained in this Agreement shall remain in full force and effect notwithstanding Plaintiff's discovery of, or the existence of, any additional or different facts or circumstances or any future events, circumstances or conditions.

  4. Plaintiff represents and warrants:

    a. Other than the Case and his separate claim for unemployment compensation, no other charge, complaint, lawsuit or claim against Defendants by Plaintiff exists in any form in any jurisdiction or before any administrative agency. Plaintiff further affirms he has reported all hours worked with Defendants as of the date of this Agreement and that, as a result of the payments made to him during employment with Defendants and as a result of this Agreement, he has been properly compensated for all time worked for Defendants up to the date of the execution of this Agreement. Plaintiff further agrees that the payment described in Section 1, *above*, shall constitute the entire amount of additional monetary consideration he is eligible to receive from Defendants as a result of his FLSA claims that are subject of the Case, that he is responsible for payment of any attorneys' fees and costs that he has incurred or will incur in connection with reviewing the terms of this Agreement, the Case, and that he will not seek any further compensation or consideration for any other claimed wages, costs, or attorneys' fees in connection with the matters encompassed by this Agreement. Plaintiff specifically acknowledges and agrees that the payments described in Section 1, *above*, are fair, reasonable and adequate and constitute full and final payment for the wages, liquidated damages, penalties, attorney's fees, costs and other damages he claimed in the Case.

  5. This Agreement may be used as evidence only in a proceeding alleging a breach of this Agreement and, unless otherwise required by court order, a valid subpoena or at the direction of a governmental agency, may not be used as evidence or referred to or relied upon for any other purpose in administrative or legal proceedings.

6. *This Agreement and any action taken by Defendants pursuant to it is not, and shall not be construed as, an admission or acknowledgement by Defendants of any liability, wrongdoing or fault with respect to Plaintiff or any third party.  Defendants expressly deny engaging in any wrongdoing with respect to Plaintiff or any other third party.*

7. The failure of either party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

8. This Agreement contains the entire agreement between the parties and supersedes any and all prior agreements between them, written or oral.  This Agreement may be modified only in writing, signed by both parties.  This Agreement shall not be construed against any party because that party initially drafted this Agreement.

9. If any part of this Agreement shall be deemed invalid or unenforceable by a court of competent jurisdiction, all remaining parts shall remain binding and in full force and effect.

10. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

11. This Agreement shall be governed by and construed exclusively in accordance with the laws of the State of Florida.  Any lawsuit to enforce this Agreement shall be brought and maintained exclusively in a state or federal court of competent jurisdiction located in Orange County, Florida.

12. Plaintiff acknowledges and agrees that he has been afforded sufficient time to carefully consider the terms of this Agreement and to undertake consultation with an attorney of his choosing prior to entering into this Agreement.

13. Plaintiff acknowledges that he has read this Agreement in its entirety and is fully able and competent to enter into it, and his agreement to all of the provisions is made freely, knowingly, and with full and complete knowledge and understanding of its contents.

14. This Agreement may be executed in one or more counterpart copies.  Each such counterpart copy shall constitute an Agreement and all of the counterpart copies shall constitute one fully executed Agreement.  This Agreement may be executed on facsimile counterparts.  The signature of any party to any counterpart shall be deemed a signature to, and may be appended to, any other counterpart.

15. Plaintiff acknowledges that this Agreement was negotiated through his counsel and that he consulted with and received the advice of competent legal counsel before signing this Agreement.

DATE: 4-24-15          Signature: _____
                                  PHU THANH TRAN


DATE:_____       Signature: _____
                                  for Defendant NEW GENERATION
                                  FUSION RESTAURANT GROUP,
                                  LLC, d/b/a KOYWAN BUFFET

                       Title:     _____


DATE:_____       Signature: _____
                                  TZU Y. CHEUNG


DATE:_____       Signature: _____
                                  BEN MING YU

PHU THANH TRAN

DATE:

Signature: _____

for Defendant NEW GENERATION FUSION RESTAURANT GROUP, LLC, d/b/a KOYWAN BUFFET

Title: G.M.

DATE:

Signature: _____

TZU Y. CHEUNG

DATE:

Signature: _____

BEN MING YU

Page 5 of 5

Scanned by CamScanner